```
              UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                         )
                               )    Chapter 13
JOHN L. McALLISTER             )
MARIE C. McALLISTER            )
                               )    Bankruptcy No. 04-02249
     Debtor.                   )
```

### ORDER RE: APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ATTORNEY (DAY RETTIG PEIFFER, P.C.)

This matter came before the undersigned on July 13, 2005 pursuant to assignment. Joseph Peiffer appeared for the applicant, Day Rettig Peiffer, P.C. ("Peiffer"), former attorney for Debtors. John Titler appeared for Debtors John and Marie McAllister. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Peiffer applies for fees of $7,197.50 and expenses of $486.10 for work done as attorney for Debtors between June 7, 2004 and January 5, 2005. He requests approval to be paid from a $4,000 retainer, with the remainder to be paid from Debtors' Chapter 13 plan.

Debtors filed their Chapter 13 petition on June 7, 2004. At that time they were represented by a different attorney. Immediately after filing, Debtors contacted Peiffer to represent them in their bankruptcy case. This case is complicated by the existence of pending state court actions by Debtors against creditor First Southeast Bank. Further, a substantial claim secured by Debtors' real estate will expire in April 2008 if Debtors do not sell the real estate before that time.

Debtors filed an objection to the application for compensation. They state that they did not accept the Chapter 13 plan Peiffer drafted and filed. They asked him to withdraw the plan. Debtors also state they asked Peiffer to resign as their attorney in a letter dated November 29, 2004. Debtors believe Peiffer should be paid only $1,000 and should return the remainder of their retainer.

Peiffer filed a response to Debtors' objection.  He states that some of Debtors' assertions are inaccurate. Peiffer notes that he and Mr. McAllister had "extreme difficulties in communication" given Mr. McAllister's stance that no payments should be made to creditor First Southeast Bank until after final ruling on his state court case by the Iowa Supreme Court.  Eventually, Peiffer filed a Chapter 13 Plan which provided for treatment of the Bank's claim as estimated.  This caused further misunderstandings and difficulty in communication with Mr. McAllister.  Peiffer also notes that the current plan on file awaiting confirmation is substantially similar to the plan he drafted and filed for Debtors.

At the hearing, Peiffer discussed some miscommunications with Debtors.  The day before the deadline to file Debtors' Chapter 13 plan, Peiffer faxed them a copy and requested their response.  Getting no response, Peiffer filed the plan on the deadline date.  When Debtor John McAllister asked Peiffer to withdraw as counsel, Peiffer and Debtors had further discussions and Peiffer stated at the hearing that he understood that Mr. McAllister would get back to him about the withdrawal.  Hearing nothing back, Peiffer did not withdraw as counsel at that time.  Debtors' objection to Peiffer's application complains that Peiffer filed the plan without their approval and he failed to withdraw when requested.

## CONCLUSIONS OF LAW

The bankruptcy court has broad power and discretion to award or deny attorney fees and a duty to examine them for reasonableness.  <u>In re Clark</u>, 223 F.3d 859, 863 (8th Cir. 2000).  The burden is on the attorney to prove that the proposed compensation is reasonable.  <u>Id.</u>  A court may award debtor's attorney compensation only for actual and necessary services.  <u>In re Kohl</u>, 95 F.3d 713, 714 (8th Cir. 1996). Section 330(a)(4)(B) provides that in a chapter 13 case in which the debtor is an individual, the court may award reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in § 330(a).  <u>In re Nilges</u>, 301 B.R. 321, 324 (Bankr. N.D. Iowa 2003).

Section 330 governs allowance of attorney fees and permits the court, on its own motion or on the motion of a party in interest, to award compensation that is less than the amount requested. In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000).

> We have consistently held that the lodestar method, calculated by multiplying the reasonable hourly rate by the reasonable number of hours required to represent the debtor in the case, is the appropriate approach for determining reasonable compensation under § 330. To determine the reasonable rates and hours, § 330(a)(3)(A) directs courts to consider factors including:
>   --the time spent;
>   --the rates charged;
>   --the necessity of the services for administration of the case;
>   --the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue or task addressed; and
>   --the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

Id. at 363-64 (citations omitted); see also In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992) (adopting lodestar approach). Counsel has a duty to supervise clients' conduct for compliance with the Bankruptcy Code. In re Kloubec, 251 B.R. 861, 866 (Bankr. N.D. Iowa 2000). As a professional, an attorney must instruct the debtor on appropriate conduct and must develop client control. In re Berg, 268 B.R. 250, 262 (Bankr. D. Mont. 2001). "To foster such client control, an attorney must be: . . . knowledgeable about the parameters and limits of available alternatives and remedies, and unwilling to allow a client to direct or dictate the progress or activity in a case, if such activity is inconsistent with the requirements of the law." Id.

## ANALYSIS

The Court is aware that Debtors and Peiffer had difficulties communicating. Debtors were adamant about not paying First Southeast Bank through their plan until a final determination was made in state court. Peiffer drafted a plan

3

providing for payment of the Bank's estimated claim as required by the Bankruptcy Code.

The Court has three main concerns regarding Peiffer's application for fees. Although Debtors' attitude made Peiffer's job more difficult, it appears that Peiffer failed to sufficiently communicate with Debtors about the requirements of the Code regarding treatment of secured claims. Peiffer also failed to initially comply with Debtors' request that he withdraw as counsel. Finally, the Court notes that Peiffer's hourly rate for fees exceeds the high end of hourly rates currently being charged by similarly situated bankruptcy attorneys appearing in this court.

Rather than make a line by line determination, the Court will approved a reduced amount of the overall fees. The Court concludes that fees of $5,000 are reasonable and necessary in these circumstances. Expenses of $486.10 are approved in full. Peiffer may draw down from the $4,000 retainer. The remainder of the fees and expenses approved of $1,486.10 shall be paid through Debtors' Chapter 13 plan.

**WHEREFORE**, the Application for Compensation and Reimbursement of Expenses of Attorney filed by Day Rettig Peiffer, P.C. is GRANTED IN PART AND DENIED IN PART.

**FURTHER**, the Court approves payment of $5,000 for fees and $486.10 for expenses to Day Rettig Peiffer, P.C. as former attorney for Debtors.

**FURTHER**, Peiffer may draw down from Debtor's $4,000 retainer. The remainder of the fees and expenses, or $1,486.10, shall be paid through Debtors' Chapter 13 plan.

DATED AND ENTERED: September 6, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE